

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00274-CV

STEVE WAYNE ALLEN APPELLANT

V.

SUEJO BROWN APPELLEE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1] AND JUDGMENT

------------

We have considered appellant's "Motion For Dismissal And Remand To Trial Court," along with the settlement agreement attached thereto, requesting that we abate this appeal and permit proceedings in the trial court to effectuate the settlement agreement and that we set aside the arbitrated judgment without regard to the merits. It is the court's opinion that the motion should be granted in

---

[1]*See* Tex. R. App. P. 47.4.

part and denied in part.[2]  Accordingly, without regard to the merits, we set aside the arbitrated judgment and remand this case to the trial court for rendition of judgment in accordance with the parties' settlement agreement.  *See* Tex. R. App. P. 42.1(a)(2)(B), 43.2(d); *Innovative Office Sys., Inc. v. Johnson*, 911 S.W.2d 387, 388 (Tex. 1995).

Costs of the appeal shall be paid by the party incurring the same, for which let execution issue.  *See* Tex. R. App. P. 43.4.

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  November 10, 2011

---

[2]That is, the parties ask us to abate this case until the trial court's proceedings to effectuate this settlement agreement are complete *and* to set aside the arbitrated judgment and remand this case to the trial court for rendition of judgment.  See Tex. R. App. P. 42.1(a)(2)(B), (C).  Rule 42.1(a)(2), however, permits us to set aside the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement *or* to abate the appeal and permit proceedings in the trial court to effectuate the agreement; we cannot do both.  *See* Tex. R. App. P. 42.1(a)(2)(B), (C); *see also Cunningham v. Cunningham*, No. 02-08-00362-CV, 2008 WL 5479677, at *1 n.2 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op.).